**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR-07-1390-PHX-MHM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Lawrence William Dunning, | ) | |
| Defendant. | ) | |
| | ) | |

Currently pending before the Court is Defendant Dunning's First Motion to Compel and/or For Sanctions (Dkt.#343). After reviewing the motion, response, and reply, the Court issues the following Order.

Dunning moves to compel the Government to provide (1) all deleted information from the 22 ANMP computer hard drives and (2) the ownership of each computer/hard drive that was disclosed. Both of these items appear to have already been raised in Dunning's Hearing Memorandum (Dkt.#331) and were addressed at the status hearing on October 6, 2009. However, in the interest of fully examining the issues presented, the Court will address them here.

Dunning argues that the Government should be compelled to disclose information that is located in the unallocated or deleted space of the 22 hard drives that were seized by the Arizona Corporation Commission from the offices of ANMP in March of 2003. Dunning's computer forensic expert allegedly discovered "missing" relevant information by conducting

forensic analysis of the images of these hard drives, which have been produced by the Government and which are in Dunning's possession. Dunning argues that it is the Government's duty to conduct the forensic analysis of the hard drives and separately disclose the information contained in the unallocated or deleted space on the disk drives.

However, as the Government points out in its Response, Defendant's complaint that he can only access deleted information on the hard drives by employing forensic analysis is not unique to the Defendant, nor was it caused by the Government. The Government did not seize the computers from ANMP, never held custody of the ANMP computers, and did not delete any information from the ANMP computers. Defendant has precisely the same image of the hard drives the Government possesses. Dunning does not argue that the Government possesses information that it has not disclosed, but rather that the Government has a duty to conduct forensic analysis on the same hard drives that Defendant possesses.

Dunning cites no case law to support his argument besides Brady v. Maryland, 373 U.S. 83, 87 (1963), which held merely that "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Here, the Government is not suppressing any information because Dunning has the same access to the information that the Government does. Brady does not mean that the Government must take the evidence that it has already disclosed to Defendant, sift through this evidence, and organize it for Defendant's convenience. Similarly, Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government merely to permit the inspection and copying of certain items "*if* the item is within the government's possession, custody or control." The Government has stated that it does not possess any of the deleted information in any other form other than the one that Dunning already possesses (via forensic analysis of the unallocated space on the hard drives).

The Government explained at the hearing and in its Response that it has fully disclosed all information that it possesses. The fact that some of this information is contained on the hard drives (that are in Dunning's possession) does not mean that the Government has a separate duty to extract the data from the hard drives, organize it, and produce it for the

convenience of the Defendant. If Defendant believes that relevant information is contained on the hard drives, Defendant is just as capable as the Government is of extracting that information for trial.

Moreover, given the Government's agreement (and prior requests for Mr. Sell to assist Defendant with reasonable requests for information) that Mr. Sell should disclose information about possession of the hard drives if he has it, the second aspect of Dunning's Motion to Compel appears unnecessary. As such, it is denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying the Motion to Compel (Dkt.#343)

DATED this 9th day of November, 2009

Mary H. Murgia
United States District Judge